Please be seated. Good morning. Our first case this morning is Burden v. USPS, Mr. Sanders. May it please the court, Herbert A. Sanders on behalf of Mr. Burden. This case presented to the court involves Albert Burden, a 20-year military veteran and 10-year employee of the terminated from his employment for alleged unacceptable conduct. The findings of facts which allegedly constituted the unacceptable conduct was an alleged attempt assault of his supervisor, Ms. George. Mr. Sanders, isn't this predominantly just a question of credibility? Isn't there just predominantly here a question of who's telling the truth, the supervisor or your client? And hasn't that been resolved against you? No, Your Honor. I would beg to differ with that. I believe that there was a significant abuse of discretion in addition to that, that the facts do not constitute substantial evidence in support of the administrative law judge's ruling in regards to the abuse of discretion. The administrative law judge took testimony from Mr. Alvarado, who was the deciding supervisor as it relates to the termination. On page 164 of the transcript, Mr. Alvarado concluded that there had been an assault. The administrative law judge in her opinion supported that finding on page 8 of her opinion. However, during the examination of Ms. George by Mr. Burden's counsel on page 49 of the transcript, Mr. Burden's counsel attempts to inquire with Ms. George concerning Mr. Burden's intent, whether or not he could have accidentally moved the forklift in her direction, or whether his actions were intentional in an effort to assault her. Particularly page 49, Mr. Burden's counsel asks, when issuing the discipline you cited, that article we just referred to, did Mr. Burden to your knowledge that night intentionally go after you? Counsel for the honor, I have an objection that we don't have an intent charge here. Judge sustained. So the judge never allowed counsel for Mr. Burden to inquire as to the intent element of this alleged assault. That, I believe, is an abuse of discretion when in fact the judge made a finding that there was an assault, and additionally the judge allowed testimony from the deciding supervisor that assault had in fact taken place. But this isn't a criminal proceeding, this is an administrative proceeding. Does that at all affect the nature of the burdens and the elements of assault proof? Well, I believe that it is significant as it relates to this case that the employer made a finding that the actions of Mr. Burden were so intent and so egregious that they warranted termination. And I believe it's evident in the evidence of the trial that there was a finding that Mr. Burden's acts were intentional, that he wanted to harm his supervisor. But did you raise this point about the limitation on the scope of examination in your opening brief? No, I did not, your honor. And the basis for that was I did not, unfortunately, file the opening brief. Mr. Burden retained me after his initial brief had been filed, the time limit for filing an appendix had expired, and the time limit for filing a rebuttal brief had expired. I subsequently filed a motion on the court to file a rebuttal brief and to file an appendix, so unfortunately that issue was not raised in the initial pleadings. But upon reviewing the transcript, I found that to be a significant issue which I believe constituted abuse of discretion wherein significantly in this proceeding there was a determination that the acts were so egregious that they warranted termination. And I believe Mr. Burden's counsel should have been able to explore whether or not his acts were intentional or not. Additionally, as it relates to an abuse of discretion, Mr. Alvarado testified that he took into consideration when determining whether or not to terminate Mr. Burden his past record of discipline. Particularly, there were two items in his past record of discipline that Mr. Alvarado considered that per his sentence and that the settlement agreement through his union representation should have been removed from his personnel file and were not to be considered for any further disciplinary action. Mr. Alvarado took those items into consideration when determining to terminate Mr. Burden, and the Administrative Law Judge also took those items into consideration when she supported Mr. Alvarado's decision. So I believe that there are at least two instances of an abuse of discretion. In regards to whether or not there is substantial evidence to support the Administrative Law Judge's finding, I believe that there is not substantial evidence. That the only eyewitness to this alleged assault, Mr. Arthur Treadway, indicated that he did not see any assault take place. His testimony corresponded with that of Mr. Burden. He was the only eyewitness to this event. Additionally, other factors taken into consideration when rendering this discipline was that Mr. Burden was insubordinate or spoke loudly to his supervisor during this incident. The record clearly establishes that the facility was noisy and that it was common for employees to speak loudly within the facility because of the noise level. That can be established on page 124 of the transcript, page 125, excuse me, 175 of the transcript, as well as exhibit A6, Mr. Heiner's statement. Another item that was taken into consideration in terms of whether or not there was this unacceptable conduct was the condition of this desk that Mr. Burden allegedly hit with the high level. The Administrative Law Judge in fact did conclude that the condition of the desk was not determinable in regards to her decision. But I think it's significant because Ms. George testified that the desk was in good condition and that it had only been damaged by the forklift when Mr. Burden hit the desk with the forklift. That testimony was contradicted by numerous witnesses. And I propose to this Court if Ms. George's perception was incorrect as it relates to the condition of the desk, I believe her perception also could have been incorrect as it relates to Mr. Burden's intentions when he was driving this high level. And for the Court or the District to allow his counsel to examine Ms. George as it relates to his intentions, I believe to be an abuse of discretion. Consequently, it's the petitioner's position that if it is in fact found that he was or did commit unacceptable conduct, that the discipline received is disproportionate to the alleged conduct that he committed. However, if this Court finds that he did commit unacceptable conduct, we believe that there are several mitigating factors that we would hope the Court to take into consideration. And we believe that the disciplinary action of termination was significantly too severe for Mr. Burden, an individual with 20 and a half years of service in the military and honorable discharge, 10 years of service with the United States Post Office, numerous recognition for his attendance during that 10 years of service, an almost perfect attendance record, several letters of appreciation concerning his performance during that stint, and also accreditation for not having any accident as a high-low driver within a five-year period. So we believe that there are mitigating factors that we would hope would be considered, as well as the fact that the Court, during the hearing, abused its discretion as it relates to some of the examination. If there are no further questions, I'd like to save the remainder of my time for rebuttal. Thank you for your consideration. Thank you. Mr. Bell? Good morning, Your Honors. May I please record? I don't have anything really to add that's in our briefs. What about the limitation on the examination at page 45? The transcript may have been waived by not being raised in the opening brief, but it's a little troubling that the examination was limited, isn't it? Well, a couple of points about that. First of all, the transcript that's being cited was submitted to this Court on Friday. I have read it. I think all arguments based on anything that relies on the transcript have been waived, not only because they're not in the opening brief, they're not even... I understand the waiver argument. Address the merits of it. Well, the testimony, having read it, I think it's entirely clear that Ms. George, the supervisor, did perceive that it was an intentional act. I don't think there was... and I don't think there's been any argument that that's not her testimony. Basically, she testified that he intentionally tried to hit her. He said nothing happened at all, nothing intentional, unintentional, and the administrative judge believed her account of the event. Well, that's exactly the problem, that the intent seems to have been an issue, and yet he wasn't allowed to examine it. Well, I don't know that he wasn't allowed to examine it. I mean, this is... picking one point in the transcript, which again, I've had for especially one day. What page was it cited? Page 49. Page 49. Gosh. Where is this? Well, I don't see the problem in that. I don't see the problem in the fact that it's not her testimony. Her testimony on direct was very clear that it was her perception that he intentionally did it. You can't limit examination just because the witness has been clear on direct examination. The purpose of the cross is to enable defense counsel or the opposing counsel to explore it. It's never been anybody's position until just now that there was an unintentional attempt to strike her with a forklift. There was a claim, Mr. Burden's testimony, his claim in both the principle brief and the reply brief was that there was no event. So to now come in and say, okay, there was an event, but I didn't do it on purpose. I think there has... I think there's been way... But couldn't he argue in the alternative? I don't think there was an event because I didn't think it was intentional, but even if there was an event, it was unintentional and clearly not an assault. It was never argued at any level before the board and any of the pretrial pleadings in this court, in either the principle or the reply brief. This is a brand new argument presented for the first time this morning. And I don't know how... I mean, again, I've reviewed the transcript. We only got it last week. And I do think that the entire transcript should be excluded. But if you were to consider it, I just can't say for sure that this testimony has actually been limited, but there was never... The theory was never that he unintentionally hit her with a forklift or attempted... Or sorry, unintentionally swung the forklift in her direction. The claim was always, I didn't do anything. There was no dispute. I never refused to follow order. I never yell at her and I never moved the forklift. But I don't know why those are inconsistent. He didn't think there was an event because he... Whatever happened was unintentional. She said something, he hit the knob on the door. Whatever happened... I think he's saying he... Well, again, I think it's pretty clear what he said was there was just... There was never... This confrontation was invented. Or that... I mean, I don't know what else to add to that. The other thing is that the actual charge did not say intent. I mean, it said that he refused to follow order. He yelled and screamed at her and he So there was no separate intent charge. I mean, I could say that, but I just don't think this was ever in dispute. I mean, I think these were... But if the act was not intentional, is that still actionable in the same way of removal? Let's say it was an accidental movement of the switch. Right. Well, I mean, these are... It's tough for me to answer that because these are hypotheticals that didn't... That aren't in any way, I don't think, related to what was going on here. I mean, I think what we have here is one person's testimony that this employee refused to follow her order, yelled and screamed at her, and then swung his forklift in her direction, causing her to have to get out of the way to avoid being hit, and somebody else's testimony that none of that happened. This new middle ground is just not something that was ever at issue in the proceedings below. I also do want to point out, again, that this reliance on the transcript, I think, has been waived. I mean, it was never... It's not in the MSPB record. It was not ordered or... It was never ordered before the briefs were filed. It wasn't ordered even after a year... We filed a brief a year ago pointing out that there's no transcript. It wasn't ordered then. This is coming in the day before an oral argument. It wasn't... And this wasn't asserted in the reply brief. I know Mr. Sanders was not the counsel during the principal briefing. He was counsel during the reply brief, and it's not in there either. Now, there may be circumstances in which the court... This court would overlook that, but I don't see how this case presents those kind of circumstances. There are seven motions for an extension of time to file an appendix, and in none of those was it asserted that they needed... That counsel needed a transcript. When should we consider an issue like that that wasn't raised earlier? I don't know the circumstances. I'm just allowing for... You're the court, and I was allowing for the possibility. I just don't see how this could possibly be. And indeed, in the principal brief, counsel accepted in its entirety the administrative judge's account of the testimony at the hearing, and essentially challenges nothing other than the credibility decision. And credibility decisions, as this court has held repeatedly, are virtually unreviewable on appeal. But that said, I do think... And that's true whether there's a transcript or no transcript. That said, I think this case, in this case, this reliance on the transcript has been waived, and it has been waived a long time ago. If there are no additional questions on that point, I also want to touch on the reliance on the past record. Counsel, in his reply, challenges the administrative judge's reliance on two specific items of past discipline. I mean, I think that argument's also been waived, and that is not the principal brief. But also, even if it had been, those items go only to notice, and that's what they were cited for in the administrative judge's opinion. That's why they were admitted in the MSPB hearing, and there's been no objection to that admission. And they go to notice because Mr. Burden claimed that he had no idea that yelling at a supervisor, failing to follow an order, and swinging his forklift around was something that would result in discipline. And those items of past discipline established that, in fact, he had been told about that. In addition, even if citation of those two elements was in any way erroneous, it's not reversible error. Evidence is cumulative. There are many items of past discipline, including a situation where Mr. Burden attempted to strike a supervisor with a forklift, and he's not objecting to the administrative judge's consideration of that on the notice question. So it's cumulative, and again, I don't see how that it would be reversible error in any of it. And the only other, this issue of the condition of the desk, obviously the witnesses had different characterizations of how they saw the condition of the desk. I think her response to, or her comment that the desk was in good condition was in response to the question was, was it pristine condition? She said it was in good condition. But that is neither here nor there. The administrative judge heard all that testimony, made a credibility finding, and those credibility findings are unreviewable on appeal, or virtually unreviewable on appeal. If the court doesn't have any further questions, I will otherwise rely on our briefs. Thank you, Mr. Belt. Mr. Saunders, you have five minutes remaining. In regards to the transcript, as I indicated, upon being retained by Mr. Burden, we filed a motion seeking time to file the reply brief, as well as the appendix, which had not been filed by his former counsel. The last page of the appendix, P35, when we filed it, we indicate transcript. Transcript has been ordered. Appendix will be supplemented upon receipt. We did that immediately upon receiving the transcript. Unfortunately, we just received that last week, but we tried to the best of our ability to bring this case up to par after it had been in the hands of another attorney who had not necessarily followed the court's rules in regards to filing. I believe it's significant on page 164 of the transcript. The question is asked to Mr. Alvarado, the decision maker concerning the termination, line 12. You concluded from all the documents I've seen here that you've written and reviewed that Mr. Burden assaulted Ms. George with the forklift on the date and time in question. Is that correct? That's correct. So Mr. Alvarado made a conclusion that there was an assault with the forklift. Clearly, Mr. Burden's counsel was not allowed to examine the element of intent during the questioning of Ms. George. What standard should we apply in deciding whether to consider errors that weren't raised before the board and weren't raised in the briefs here? Well, I believe that a standard is whether or not, well, first of all in terms of errors not raised before the board, with all due respect, I believe that the question was raised and there was an objection made and the board sustained that objection. So I believe the record substantiates that Mr. Burden's counsel attempted to make a record as it relates to intent. In terms of whether or not, what's the standard for it not having been raised in the initial brief, I believe this court in terms of reviewing the evidence before it is whether or not there's substantial evidence to support the administrative law judge's ruling, whether or not the administrative law judge's ruling is arbitrary or capricious, or there has been abuse and abuse of discretion. So I believe that this court must look at all of the evidence before it and determine those factors. We are maintaining that the evidence before this court substantiates an abuse of discretion. But we're dealing here with the evidentiary ruling, not with a substantial evidence question, at least on this one point. And the question is what should the standard be for a waiver? When should we consider an issue like this that hasn't been raised in the briefing before the court? Well, I think you should consider it as it relates to this circumstance. And I believe you've asked me a direct question and I don't have a case to support my answer. I'll give you that direct answer. But I believe this issue is determinative of this entire case. It's determinative of this entire case. Whether or not his actions were intentional made a significant difference potentially in terms of the disciplinary action that he was to receive. And in this case, his counsel did not have the opportunity to explore that. That was a determinative factor as it relates to Mr. Burden ultimately being terminated. And I would implore this court that that was an abuse of discretion and his counsel should have had the opportunity to make that exploration. Unless the court has any further questions, I don't have anything else. Thank you, Mr. Saunders. The next case will be Honeywell International v. Universal Avionics and Sandell Avionics.